IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                 Case No. 09-40015-01-SAC

ARAMIS N. HERNANDEZ,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the following motions filed by the defendant: motion to disclose expert testimony (Dk. 16); motion for notice of evidence (Dk. 18); and motion to dismiss (Dk. 19). In its response, the government has stated its lack of objection to the first two motions, thus the court finds them to be moot.

The defendant's motion to dismiss alleges solely a violation of the defendant's Sixth Amendment constitutional right to a speedy trial. Defendant contends that the two-year delay between his arrest by state authorities and the present date is presumptively prejudicial. For the reasons set forth below, the court disagrees that the defendant's constitutional right has been violated.

**Facts**

The facts are not in dispute for purposes of this motion. Defendant is charged with one count of possession of cocaine base on November 22, 2007. On that date, the defendant was arrested by Topeka Police Department officers on an outstanding probation warrant from Sedgwick County, Kansas. At the time of his arrest, defendant was a passenger in a car in which

drugs were found, which event forms the basis for his charge in this court. Although reports of defendant's drug possession were forwarded to the Shawnee County District Attorney's Office, no formal charges were filed. Instead, the case was forwarded to the U.S. Attorney's Office for review.

On May 16, 2008, the defendant's supervised release in an unrelated federal case, no. 05-40071-01-RDR, was revoked and he was sentenced to custody. Upon his release from federal custody, the defendant was subject to a probation revocation proceeding in Sedgwick County, Kansas, based in part on the events of November 22, 2007. Defendant's probation was revoked and he was returned to the custody of the Kansas Department of Corrections.

On March 18, 2009, while incarcerated in state custody, the defendant was indicted in this case based upon the events of November 22, 2007, and his federal arrest warrant issued that same date. By a notice filed in this case on July 31, 2009, the defendant triggered the Interstate Agreement on Detainers Act. *See* Dk. 3. On August 4, 2009, the government filed a motion for habeas corpus. That motion was granted and the related writ issued that same day. Defendant was brought into federal custody on this case on September 15, 2009, approximately two months ago. Dk. 7.

**Analysis**

Defendant contends that his constitutional right to a speedy trial was triggered by his arrest on November 22, 2007. The general rule is that the speedy trial right attaches when the defendant is arrested or indicted, whichever occurs first. *See United States v. Marion*, 404 U.S. 307, 320-21, 92 S.Ct. 455, 463-64, 30 L.Ed.2d 468 (1971). However, when a defendant is arrested by state authorities, his speedy trial rights for subsequent federal charges do not attach.

"Where the initial arrest is solely for violation of state law, then it is generally accepted that this arrest does not mark the commencement of the speedy trial right as to a subsequent federal charge, even if based on the same activity." 2 Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 18.1 (1984 & Supp.1991); *see United States v. MacDonald*, 456 U.S. 1, 10 n. 11, 102 S.Ct. 1497, 1503 n. 11, 71 L.Ed.2d 696 (1982) ("an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictments by another sovereign"); *United States v. Muniz*, 1 F.3d 1018, 1024 (10th Cir. 1993). The court finds that defendant's speedy trial rights attached for purposes of the Sixth Amendment analysis no earlier than the date the defendant was indicted in this case, *i.e.*, on March 18, 2009.[1]

The Sixth Amendment right to a speedy trial implies no specific time limits. The court evaluates defendant's speedy trial claim under the four-part balancing test adopted by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id*. at 530, 92 S.Ct. at 2192. While no single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial," *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193, "the length of the delay is to some extent a triggering mechanism." *Id.* at 530, 92 S.Ct. at 2192. Only if the period of delay is "presumptively prejudicial" does the court need to examine the other factors. *Id.; United States v. Dirden* 38 F.3d 1131, 1137 (10th Cir. 1994) ; *United States v. Tranakos*, 911 F.2d 1422, 1427 (10th Cir.

---

[1] The Court need not determine for purposes of this motion whether the trigger date is the date of the federal indictment or the date the defendant was brought into federal custody.

1990).

No bright line exists to aid in determining whether a delay is "presumptively prejudicial." *Barker*, 407 U.S. at 530-31, 92 S.Ct. at 2192. *See Dirden*, 38 F.3d at 1138 (seven and one-half month delay between arraignment and trial not "presumptively prejudicial"); *United States v. Occhipinti*, 998 F.2d 791, 798 (10th Cir.1993) (delay of 172 days insufficient to trigger Barker analysis); *United States v. Kalady*, 941 F.2d 1090, 1095-96 (10th Cir.1991) (eight month delay between indictment and trial nonprejudicial); *United States v. Bagster*, 915 F.2d 607, 611 (10th Cir.1990) (delay of thirty months insufficient to trigger Barker analysis). *But see Perez v. Sullivan*, 793 F.2d 249, 255 (10th Cir.) (fifteen month delay triggered Barker analysis), *cert. denied*, 479 U.S. 936, 107 S.Ct. 413, 93 L.Ed.2d 364 (1986).

Based upon the circumstances of this case and application of the speedy trial factors outlined in *Barker*, the court concludes that the time span of approximately eight months between the filing of the indictment and the present date is neither "presumptively prejudicial" nor significantly long. Thus, the court need not analyze the speedy trial issue further at this time. *See Harvey v. Shillinger*, 76 F.3d 1528, 1533 -1534 (10th Cir.), *cert. denied*, 519 U.S. 901 (1996). The defendant has not been denied his Sixth Amendment right to a speedy trial.

IT IS THEREFORE ORDERED that defendant's motion to disclose expert testimony (Dk. 16) and motion for notice of evidence (Dk. 18) are denied as moot, and defendant's motion to dismiss (Dk. 19) is denied.

Dated this 17th day of November, 2009.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge